The opinion of the Court was now delivered by
Smith, C. J.
After stating the case, he observed that it is extremely clear this action might have been maintained against Jer. Stiles in his lifetime. He could have made no defence. Suffering judgment by default was an admission of assets. He could not, on the scire facias, or to the action of debt, deny assets, (c) Whenever an administrator does not administer in *89 the insolvent course, be admits assets, provided tliere is any estate to be apportioned among the unprivileged creditors. (II. Manuscript, Descent, and Last Wills, 1038-1057.)
At common law it seems that representatives of representatives were not liable for the devasiavits of those they represented. (a) The reason given does not seem to be a good one ; viz., because they could not be supposed to know how those they represent had disposed of the goods. But in chancery it was otherwise; they were liable as far as they had assets. Creditors may, in equity, follow the assets into whose hands soever they come. To remedy the common-law doctrine, which was found inconvenient, 30 Car. II. c. 7, and 4 & 5 W. & M. c. 24, provide that, where the representative shall waste or convert to his own use goods, &c., of his principal, his representative shall be chargeable in the same manner as he who wasted, &c., should or might have been. 1 Wms. Saund. 216, 219, &c.
It is believed that this doctrine of the common law was never admitted here, or, if it.was, that the statute remedy (which was as early as 1677-1692) was admitted also.
The principles laid down by the Court in Hambly v. Trott, Cowp. 371, seem clearly to show that the doctrine was not well founded at common law. The estate of the administrator may be presumed to be benefited by the property in respect of which he is liable. If he received his principal’s money, then he is indebted to his creditors to the same amount; he received the money to their use. If he sold the goods of his principal, the same thing follows. If he used, and consumed in using, the goods, his estate gained the value ; he was enriched by his executorship or administration to the value. The injury done to the estate of the deceased will generally be attended with proportional gain to the representative. Tie gains what the estate has lost. Property is acquired in respect of which he is in equity (at least) chargeable. In this case we may presume that Jer. Stiles received value from the estate of Breed Bachelder to the amount of *90 this judgment, and that in consideration thereof he took upon himself this debt. The plea, it is presumed, might have been different. Nil debet would have been good.
We have enlarged the remedy against representatives of deceased persons. By a late statute, ed. 1805, 96, actions for misconduct in office may be prosecuted against the representative of a sheriff; trespass for carrying away goods, &c.
Upon the whole, the Court are clearly of opinion that the defendants are liable; that the common-law doctrine never prevailed here, at least never since the statutes of Charles and William; but that we have adopted the chancery doctrine, which is more just, and not unfit to be carried into execution by a court of common law; that the deceased administrator, by suffering judgment to go by default, admitted that he had received assets to answer this debt.
The defendants were defaulted, (a) , [1]

 It is presumed Stiles did not administer Breed Bachelder’s estate in the insolvent course of administration.

 3 G-. Bacon, 99; 1 Salk. 314; Com. Dig. Administration (B. 15); 2 Ld Raym. 971.

 See Wheatly v. Lane, 1 Wms. Saund. 216-219, and notes.

 I. As to the first proposition, see Hill v. Rogers and other cases cited in note to extracts from Manuscript Treatise on Prohate Law, post.
II. Chancellor Kent said, “ But for devastaoits or wrongs to property, the personal representatives of the deceased, who committed the tort, were made answerable by the statute of 30 Car. II. c. 7, and 4 & 5 W. & M. c. 24; and doubtless the same law exists in this country.” 2 Kent, Com. 416, n. e.
These statutes are held to be in force in Maryland. Sibley v. Williams, 1830, 3 Gill & J. 52. Contra, in Tennessee. Griffith v. Beasley, 1837, 10 Yerg. 434.
Whether a suit can he maintained against an executor of an executor by a creditor of the first testator, who had not recovered judgment against the first executor in his lifetime, quaere.
See, in the affirmative, Williams’s note to Wheatley v. Lane, 1 Saund. 216, 219 e; Sibley v. Williams, ubi sup.; Anderson, C. J., in Gregory v. Harrison, 1851, 4 Fla. 56, 77-79; Green, J., in Coleman, Administrator of Wernick, v. M’Murdo, 1827, 5 Band. (Va.) 51, 79-84.
Contra, Coalter, J., in 5 Rand. (Va.) 104-108.